UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| DELTA T CORPORATION, | ) | |
|     Plaintiff | ) | CIVIL ACTION NO. 5:11-208 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| RITCHIE ENGINEERING COMPANY, INC. | ) | |
|     Defendant | ) | |

This matter is before the Court on the Defendant's Motion to Transfer this action to the United States District Court for the District of Minnesota. Because a substantially similar action was previously filed in the Minnesota court, the motion will be granted.

    **I.    Background.**

    **A.    The Minnesota Federal Action.**

On June 9, 2011, Ritchie Engineering Company, Inc. filed an action in the United States District Court for the District of Minnesota against Delta T Corp. d/b/a Big Ass Fan Co.

In the Minnesota action, Ritchie asserts that it is the exclusive owner of United States Trademark Registration Number 1,997,963 (the "'963 Registration") for the trademark YELLOW JACKET and that it has used the mark extensively in the heating, air conditioning, ventilation, cooling, and automotive industries.

Ritchie asserts that Defendant Delta T has unlawfully used the YELLOW JACKET trademark. Ritchie assert three claims against Delta T: a claim for trademark infringement under § 32(a) of the Lanham Act, 15 U.S.C. § 1114(1); a claim for false

description and representation and false designation of original under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and a claim for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Ritchie asks the Minnesota court for preliminary and permanent injunctions enjoining Delta T from using the YELLOW JACKET trademark and also asks for an accounting and damages.

### B. The Kentucky Federal Action.

On June 29, 2011, Delta T filed an action against Ritchie in this Court. Delta T asserts that it owns the U.S. Trademark Registration No. 3,897,574 (the "'574 Registration") for the trademark YELLOW JACKET to identify electric fans. Delta T asks the Court to declare under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, that its use of the YELLOW JACKET trademark to identify electric fans does not infringe Ritchie's rights under the Lanham Act or common law. Delta T also asks this Court to cancel the 963 Registration owned by Ritchie because Delta T alleges that Ritchie fraudulently obtained the registration and has failed to maintain it.

Ritchie now moves the Court to transfer Delta T's Kentucky action to the U.S. District Court for the District of Minnesota, where Ritchie's action against Delta T is pending.

### II. Analysis.

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. App'x 433, 437 (6th Cir.2001)(unpublished). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district

courts, the court in which the first suit was filed should generally proceed to judgment." *Id*. (internal quotations and citation omitted).

"The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir.1985).

"In determining whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 689 (E.D.Tenn.2005).

With regard to the first factor, "the date that an original complaint is filed controls." *Zide*, 16 Fed.App'x at 437. Both parties agree that the Minnesota action is the first-filed action.

As to the similarity of the parties, the Minnesota and Kentucky actions involve the exact same parties: Delta T and Ritchie. These are the only two parties in both actions.

As to the similarity of the issues, in the Minnesota action, Ritchie asserts that it exclusively owns the 963 Registration for the trademark YELLOW JACKET and that Delta T has unlawfully used the mark. In this action, Delta T asks the Court to declare that Delta T has not unlawfully used the YELLOW JACKET mark and also asks the Court to cancel Ritchie's 963 Registration. The two actions involve substantially the same issues: Ritchie's ownership of the 963 Registration for the trademark YELLOW JACKET and whether Delta T has unlawfully used the mark.

Delta T asserts that the issues in the two actions are not nearly identical because, in this Kentucky action, Delta T asks for cancellation of Ritchie's 963 Registration based on Ritchie's alleged failure to maintain the registration and fraud and the Minnesota action does not yet involve the issue of whether Ritchie's 963 Registration should be canceled. Alternatively, Delta T argues that this Court should at least keep Delta T's claim for cancellation of the 963 Registration even if it exercises its discretion to transfer the declaratory claim.

Duplicative lawsuits are those in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith v. S.E.C.,* 129 F.3d 356, 361 (6th Cir.1997). Under the first-filed rule, however, the parties and issues need not be identical. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir.1997); *Thomas & Betts Corp. v. Hayes*, 222 F.Supp.2d 994, 996 (W.D.Tenn. 2002); *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903-04 (N.D. Ohio 1999). Rather, the crucial inquiry is whether the parties and issues substantially overlap. *Save Power*, 121 F.3d at 950-51; *Fuller*, 370 F.Supp.2d at 688.

Even though the Minnesota action may not yet include the issue of whether Ritchie's 963 Trademark Registration should be canceled, there is at least substantial overlap between the issues presented in the two actions. *See Fuller* 370 F.Supp.2d at 690 (finding that, despite an additional claim asserted in the second-filed action, there was substantial overlap between the issues in the two actions.); *Mitsubishi Caterpillar Forklift America Inc. v. Minnesota Supply Company*, No. 1:10CV2696, 2011 WL 711564, at *4 (Feb. 22, 2011)(finding that the parties and issues in the first- and second-filed actions

4

were substantially similar even though the first-filed action included two more parties and additional claims not raised in the second-filed action).

Although the basic requirements for application of the first-to-file rule have been met, a court can dispense with its application if equity so demands. *See Zide Sports Shop of Ohio, Inc.*, 16 Fed. App'x at 437. The first-to-file rule should not be applied where extraordinary circumstances exist, the first party to file suit is guilty of inequitable conduct or bad faith, or if the first-filed suit is anticipatory or an attempt at forum shopping. *Id.* Delta T does not contend that any of these factors are present in this action.

Thus, the first-to-file rule is applicable here. The Court will therefore transfer this action to the Minnesota court to finally determine which of these two cases should proceed. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir.1999)("once the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the [first-filed court] to determine which case should, in the interests of sound judicial administration and judicial economy proceed"). *See also Wynne v. Commemorative Air Force*, No. 3:06-cv-122, 2006 WL 2486562, at *2 (S.D. Ohio 2006) ("The majority of courts hold that it is the first-filed court that should apply the first-filed rule.")  If the Minnesota court should determine that this matter should proceed in Kentucky, it may transfer the Kentucky action or both of the actions back to this Court.

Because transfer to the Minnesota court is appropriate under the first-to-file rule, the Court need not address whether a transfer under 28 U.S.C. § 1404(a), as Ritchie also requests, is proper.

5

### III.     Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1)     The Defendant's Motion to Transfer this action [DE 7] is GRANTED;

2)     this matter is TRANSFERRED to the United States District Court for the District of Minnesota.

Dated this 18th day of November, 2011.

Signed By:
*Karen K. Caldwell*
United States District Judge