ELECTRONICALLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **DELTA T CORPORATION,** : | |
| a Kentucky Corporation, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO.: 5:11-cv-208-KKC** |
| : | |
| **RITCHIE ENGINEERING COMPANY, INC.,** : | |
| a Minnesota Corporation, : | |
| : | |
| **Defendant.** : | |
| : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED NOVEMBER 18, 2011**

Plaintiff Delta T Corporation d/b/a Big Ass Fan Company ("Delta T") submits this memorandum in support of its motion for reconsideration of this Court's Order dated November 18, 2011, granting Defendant Ritchie Engineering Company, Inc.'s ("Defendant") Motion to Transfer this action to the United States District Court for the District of Minnesota.

**I. ARGUMENT**

Defendant brought its motion to transfer venue under 28 U.S.C. § 1404(a), which provides that a district court may transfer any civil action to any other district where it might have been brought for the convenience of parties and witnesses and in the interest of justice. A two-part test is used to determine whether transfer is proper under Section 1404(a). *See Murty Pharmaceuticals, Inc. v. Akorn, Inc.*, 2006 U.S. Dist. LEXIS 80454, *3 (E.D. Ky. 2006) (*citing Rutherford v. Goodyear Tire & Rubber Co.*, 943 F.Supp. 789, 791 (W.D. Ky. 1996)). The initial inquiry is whether the action might have been brought originally in the

transferee court asserted by the moving party. *Id.* Then this Court must also determine "whether a change of venue would serve the interests of justice and facilitate the convenience of the parties and witnesses." *Id.* A decision to transfer venue requires an "individualized, case-by-case consideration of convenience and fairness." *Delgasco, Inc. v. Citizens Gas Utility District*, 2009 U.S. Dist. LEXIS 14583, *14 (E.D. Ky. 2009) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In *Delgasco*, this Court identified nine factors which should be considered when ruling upon a motion to transfer venue under 28 U.S.C. § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

*Id.* (*citing Perceptron, Inc. v. Silcon Video, Inc.*, 423 F.Supp.2d 722, 729 (E.D. Mich. 2006)).

In the Court's Order dated November 18, 2011, granting Defendant's motion to transfer, the Court did not determine "whether a change of venue would serve the interests of justice and facilitate the convenience of the parties and witnesses." Indeed, the Court failed to address any of the factors enumerated in *Delgasco*, which as set forth in Delta T's response to Defendant's motion to transfer weigh against transferring this action.

Instead, the Court relied solely upon the first-to-file concept. Specifically, it stated: "Because transfer to the Minnesota court is appropriate under the first-to-file rule, the Court need not address whether a transfer under 28 U.S.C. § 1404(a), as Ritchie also requests, is proper." The only case cited in the Court's opinion that supports this position is *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 689 (E.D. Tenn. 2005) (holding that the action is not being transferred under 28 U.S.C. § 1404(a), but pursuant to the Court's inherent authority under the first-to-file rule). However, *Fuller* is not controlling authority on this Court and Delta T is not aware of any Sixth Circuit case holding that a district court

may ignore the relevant factors in deciding a motion to transfer under 28 U.S.C. § 1404(a).

Moreover, *Fuller* is in direct contravention to the Seventh Circuit's holding in *Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973 (7th Cir. 2010), which noted that its consistent practice is to evaluate "the order of filing as part of the section 1404(a) transfer analysis." *Id.* at 982. It further stated: "Where a case is filed first should weigh no more heavily in the district court's analysis than the plaintiff's choice of forum in a section 1404(a) calculation. We apply the same standard to a section 1404(a) motion regardless of whether there is a second-filed case." *Id.* Thus, it is clear that Defendant's filing of a lawsuit in Minnesota is simply one factor that this Court should weigh in the Section 1404(a) transfer analysis.

Indeed, earlier this year in this District, Judge Van Tatenhove also considered the relevant factors in the Section 1404(a) analysis, "such as the convenience of parties and witnesses, accessibility of sources of proof, and the costs of securing testimony from witnesses" in deciding whether to transfer a case to another jurisdiction where a previously filed lawsuit was pending. *See Gorman Company, LLC v. United States EPA*, 2011 U.S. Dist. LEXIS 18380, * 17 (E.D. Ky. 2011). Judge Van Tatenhove ultimately transferred the case, but stated that "the Court is persuaded that the interests of justice require transfer" and the transfer was not based solely upon the application of the first-to-file rule. *Id. See also Ritrama, Inc. v. Burlington Graphic Systems, Inc.*, Civil Action No. 11-CV-977-SRN-AJB (D. Minn. November 7, 2011) (considering the factors that courts consider when determining § 1404(a) motions including convenience of the parties and witnesses and the interests of justice, despite the existence of two concurrently filed actions) (copy attached as Exhibit A).

It is respectfully submitted that although Defendant requested transfer based upon both the first-to-file rule and 28 U.S.C. § 1404(a), the request was dependent on 28 U.S.C. § 1404(a) and the two-part test should have been applied. Accordingly, Delta T respectfully requests that the Court reconsider its holding transferring this case to the United States District Court for the District of Minnesota in view of the nine factors that should be

3

considered when ruling upon a motion to transfer venue under 28 U.S.C. § 1404(a), which weigh overwhelmingly in favor of denying the transfer.

In addition, the Court failed to address Delta T's request for entry of default as Defendant was required to serve a responsive pleading in the form of an answer within twenty-one (21) days after being served with the summons and complaint, or alternatively, Defendant could alter this period by "serving a motion under this rule." Fed. R. Civ. P. 12(a)(4). Here, Defendant did not file an answer or responsive pleading, but rather filed a motion to transfer venue under 28 U.S.C. § 1404(a), which does not qualify as a Rule 12 motion. *See Dwyer v. Bicoy*, 2008 U.S. Dist. LEXIS 105130, *11 (D. Colo. 2008); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 632-633 (E.D. Va. 2010) ("it is well-understood that a motion to transfer pursuant to 28 U.S.C. § 1404 is distinct from a motion to dismiss pursuant to Rule 12(b)"); *School-Link Tech. Inc. v. Applied Res. Inc.,* 2005 U.S. Dist. LEXIS 20356, *4 (D. Kan. 2005) (finding that a motion to transfer venue was "not a Rule 12 motion."); 5B WRIGHT & MILLER, § 1352 (noting that motions to transfer fall under section 1404(a), not Rule 12(b)(3)). Nor does Defendant's motion qualify as a responsive pleading.

This situation is virtually identical to one recently considered by a district court in the Sixth Circuit, in which a defendant filed a motion to transfer from a federal court in Ohio to one in Florida where a similar case was pending. *See Perfecta Products, Inc. v. Expedite Products, Inc.*, 2011 U.S. Dist. LEXIS 42742 (N.D. Ohio 2011). The court there pointed out that the defendant "offered no rule permitting its broad interpretation of a motion pursuant to 28 U.S.C. § 1404(a) being a 'responsive pleading'" and ordered the defendant to answer the complaint before the scheduled deadline. *Id*. at *2.

Since Defendant was required to file an answer, Rule 12 motion, or other responsive pleading by July 22, 2011, and failed to do so, Delta T respectfully requests that this Court reconsider its Order.

## II. CONCLUSION

For the foregoing reasons, Delta T respectfully requests that the Court reconsider its Order dated November 18, 2011, granting Defendant's motion to transfer.

Respectfully submitted,

 /s/ Trevor T. Graves
Andrew D. Dorisio
Trevor T. Graves
King & Schickli, PLLC
247 North Broadway
Lexington, Kentucky 40507
Telephone: 859-252-0889
Facsimile: 859-252-0779
COUNSEL FOR PLAINTIFF
DELTA T CORPORATION

## **CERTIFICATE OF SERVICE**

I, Trevor T. Graves, hereby certify that on this the 28th day of November, 2011, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing e-mail to the following:

- Christopher T. Smedley
- Todd E. Stockwell

/s/ Trevor T. Graves
COUNSEL FOR PLAINTIFF
DELTA T CORPORATION